IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EMMA REDD,
      Plaintiff,

v.                                                                                             Case No. 3:12-cv-00358-JAG

7-ELEVEN, INC.,
      Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's Rule 59(e) motion to amend and/or alter the Court's August 6, 2012 judgment. The Court will grant the motion because it finds a sufficient question of fact as to whether the plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") less than 300 days following the adverse employment action alleged in that charge. Since the issue of timeliness cannot be resolved at this stage of litigation, the Court will vacate its prior judgment, in which the Court dismissed the action with prejudice, and will permit the plaintiff to file an amended complaint.

### I.    BACKGROUND

The plaintiff, Emma Redd, originally filed her complaint on May 9, 2012, alleging one count of race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and one count of age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Virginia Human Rights Act. Even though the EEOC found Redd's action timely, the defendant, 7-Eleven, filed a motion to dismiss, arguing that Redd had failed to file her EEOC charge within 300 days of the adverse employment action alleged in her

complaint, as required by statute. *See* 42 U.S.C. § 2000e-5(e)(1). The lone EEOC documentation presented to the Court at that time was Redd's April 8, 2010 charge of discrimination. (*See* Dk. No. 4-1.) Redd's EEOC charge stated both the earliest and latest dates of discrimination as June 7, 2009—305 days prior to the charge's filing. In the narrative portion, she furthermore explained, "On 6/7/09, I reported to work, but was told I had been fired. A less senior Cashier Associate, race white and age, 40's failed to come to work, although he was on the schedule. He was not disciplined or discharged." (*Id.*) At that time, the parties agreed that 7-Eleven notified Redd of her termination on June 7, 2009; hence the reason for the date "range" specified in the charge.

Redd nevertheless contended that her EEOC charge was timely because her employment had lasted through June 25, 2009. Even assuming that June 25, 2009 was her final date of employment, there was no question, however, that Redd had been *notified* of her termination on June 7, 2009. As a result, the Court found her EEOC charge untimely and dismissed the action. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) ("The proper focus is upon the time of the *discriminatory* acts, not upon the time at which the *consequences* of the acts become most painful.") (quoting *Abramson v. Univ. of Hawaii.*, 594 F.2d 202, 209 (9th Cir. 1979)); *see also Chardon v. Fernandez*, 454 U.S. 6 (1981) (reversing the lower court's determination that the statute of limitations began running on the plaintiffs' final day of employment, holding that the limitations period begins when employees are notified of their termination, and clarifying that advance notice of termination does not extend the statute of limitations). After the Court's dismissal, Redd filed the present motion. In addition to asking the Court to revisit its ruling on Redd's two original claims, Redd also seeks to add a claim for race discrimination in violation of 42 U.S.C. § 1981.

The Court has certain documents before it that were neither presented nor mentioned during the first round of litigation. The most important one for the Court's purposes is a copy of a facsimile that Redd sent to the Norfolk EEOC Office on March 31, 2010. (*See* Dk. No. 17-3.) In relevant part, that fax stated:

> I want to file a charge against Southland Corporation for terminating me. My last date of work was on 6-1-09. I worked from [April 2007] until [June 2009] for this company. I was discriminated against when the new supervisor came in to the company. His name was Dave [*unreadable*].[1] He fired me and then district manager told him he couldn't do that so they called me and told me to report back to work. I had no prior write ups until he started making some. I am writing because my time is 2 days left. Thank you.

(*Id.* at 2–3.) Though the fax raises as many questions as it answers,[2] it holds significance in one main respect: it was sent 297 days after Redd's notice of termination on June 7, 2009.

In her proposed amended complaint, Redd now claims that "a coworker" informed her of her termination on June 7, 2009. (See Dk. No. 17-1, ¶ 14.) Despite receiving this news, she finished her shift and worked on both June 8 and 9 as well. (*Id.*) At no point on either of the latter two days did her supervisor tell her that she was, in fact, terminated. "Instead, the first formal notice that Redd received from 7-Eleven telling her that she had been terminated was a letter dated on or about June 25, 2009 advising her that the Company had terminated her." (*Id.*, ¶ 15.)

## II. STANDARD OF REVIEW

A motion to alter judgment under Rule 59(e) is normally appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). But when the

---

[1] According to Redd's proposed amended complaint, her supervisor's full name was David Christopher. (*See* Dk. No. 17-1, ¶ 11.)
[2] This is the only time, for example, that June 1, 2009 is cited as Redd's final day of work.

3

object of a Rule 59(e) motion is to file an amended complaint in place of one that was previously dismissed as inadequate, the standard is identical to the one for a pre-judgment motion for leave to amend. As the Fourth Circuit has recently made clear:

> [T]he only difference between a pre- and a post-judgment motion to amend is that the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards." Rather, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)."

*Hart v. Hanover Cty. Sch. Bd.*, 2012 WL 4842041, at *2 (E.D. Va. Oct. 12, 2012) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011). "In other words, a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Katyle*, 637 F.3d at 471 (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," which, in this case, is nothing more than the basic pleading standard under Federal Rule of Civil Procedure 8(a). *Id.*

In sum, if the Court would have granted Redd's leave to amend prior to dismissal, then it should similarly do so now, unless such amendment is in bad faith or unduly prejudicial to 7-Elevens. Though the Rule 59(e) remedy has been described as "extraordinary," *Mayfield*, 674 F.3d at 378, it may not be inappropriate when a party seeks leave to amend her complaint soon after dismissal. *Cf. id.* at 379 (finding the plaintiff's proposed amendment prejudicial, in part, because the complaint was filed over two-and-a-half years earlier, a significant amount of discovery had occurred, and the district court had granted judgment on the pleadings to the defendant).

## III. DISCUSSION

### A. *Amendment Would Not Be Futile Because Redd May Have Filed A Timely EEOC Charge*

The Court reiterates at the outset that the only reason for the action's dismissal was the fact that Redd's April 8, 2010 EEOC charge came more than 300 days after her then-reported termination date of June 7, 2009. Otherwise, the Court did not detect, and 7-Eleven did not identify, any shortcomings in Redd's complaint. The parties had conducted minimal, if any, discovery. The Court entered judgment only days after the parties finished briefing 7-Eleven's motion to dismiss. In other words, the litigation was still in its infancy when the Court determined that Redd's EEOC charge was untimely. These particular circumstances are critical, given the Rule 15(a) factors of prejudice, bad faith, and futility.

Given the information now before it, the Court has reason to believe that Redd may have filed a timely EEOC charge of discrimination, based on her fax to the EEOC on March 31, 2010. As the Court stated earlier, Redd sent this fax 297 days after the first alleged termination date of June 7, 2009. Informal though it was, governing law makes clear that the charge could subsequently "be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." *EEOC v. Randstad*, 685 F.3d 433, 443 n. 5 (4th Cir. 2012) (quoting 29 C.F.R. § 1601.12(b), the regulation promulgated by the EEOC regarding amendment and relation back). The law is also clear that "[s]uch amendments and amendments alleging additional acts which constitute unlawful employment practices *related to or growing out of the subject matter of the original charge* will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b) (emphasis added). As a result, to the

extent that the April 8, 2010 formal charge represents a reasonable amendment of the March 31, 2010 fax, the charge may be timely under the EEOC's regulations.[3]

This outcome reflects "EEOC regulations concerning the contents of a charge," *Howze v. Virginia Polytechnic*, 901 F. Supp. 1091, 1095 (W.D. Va. 1995), which holds that "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). In *Howze*, the district court concluded that the plaintiff's filing of an affidavit and intake questionnaire with the EEOC sufficiently met the charge requirement at the stage of initial pleadings. *Howze*, 901 F. Supp. at 1095; *see also Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 92 (4th Cir. 1982) (finding that an affidavit filed with the EEOC satisfied the charge requirement based on the Court's reading of 29 C.F.R. § 1601.12(b)). The *Howze* court similarly concluded that "[a]ny question about the affidavit's sufficiency vis-a-vis statutory or regulatory requirements . . . is a question of fact, appropriately resolved at trial or on summary judgment." *Id.* The same holds true in this case with respect to Redd's fax.

Additionally, the absence of an oath or affirmation in the initial charge, as is the case with Redd's faxed statement, does not affect the charge's timeliness. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 107 (2002) (overruling the Fourth Circuit's conclusion that a professor's unverified fax to the EEOC shortly after being denied tenure, followed by a Form 5 Charge of Discrimination filed 313 days following the adverse employment action, insufficiently

---

[3] The Court is *not* deciding at this time that Redd does, in fact, meet the 300-day filing requirement. Instead, the Court is reaching the less substantial conclusion that granting Redd leave to amend her complaint and pursue this action is not futile because Redd *could* have met the requirement through her fax and subsequent charge, which notably has "Amended" written in the top-right corner. (See Dk. No. 4-1.)

her complaint. But the Court will deal with her real date of termination, and any potential conflict between that date and the date listed in her charge, when the appropriate time comes.

### B. Amendment Would Not Be Futile Because Redd May Add Her § 1981 Claim

Redd may also amend her complaint by adding a claim under 42 U.S.C. § 1981. 7-Eleven attempts to argue that Redd could have brought this claim in her original complaint and that a Rule 59(e) motion is not a proper vehicle for adding it. But the authority that 7-Eleven cites for this position is inapposite, because Redd seeks only to amend a complaint that was dismissed at the stage of initial pleadings. *Cf. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) motions may not be used . . . to argue a case under a novel legal theory that the party had the ability to address in the first instance."). If the appropriate question is whether leave to amend would have been granted prior to dismissal—based on the factors of futility, prejudice, and bad faith—then Redd deserves relief. *See Katyle*, 637 F.3d at 470–71. Since the claim would not "fail[ ] to satisfy the requirements of [Federal Rule of Civil Procedure 8(a)]," it is not futile. *Id.* at 471.

### C. Amendment Would Be Neither Prejudicial Nor In Bad Faith

The Court sees no bad faith in Redd's motion. As the Court has already stated, the only reason for dismissal in the first instance was Redd's perceived failure to meet the 300-day filing requirement on her EEOC charge. Since the Court now possesses evidence that she may have satisfied this requirement, and since no other patent defect surfaces in her proposed amended complaint, the Court should grant her the opportunity to pursue her claims. If 7-Eleven finds any new grounds for dismissal, it may file another motion to dismiss.

The Court likewise sees little, if any, prejudice in vacating its prior judgment and allowing Redd to amend her complaint. 7-Eleven again contends that Redd could have presented all the arguments and evidence that she now raises prior to dismissal. 7-Eleven's position might

constituted a "charge" for Title VII purposes). Charges filed with the EEOC must "be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 USC § 2000e–5(b). In *Edelman*, it explained the difference between the purpose of the verification requirement and the purpose of the timeliness requirement as follows:

> The point of the time limitation is to encourage a potential charging party to raise a discrimination claim before it gets stale, for the sake of a reliable result and a speedy end to any illegal practice that proves out. The verification requirement has the different object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury. This object, however, demands an oath only by the time the employer is obliged to respond to the charge, not at the time an employee files it with the EEOC. There is accordingly nothing plain in reading "charge" to require an oath by definition. Questionable would be the better word.

*Id.* at 112–13. In other words, the fact that Redd may have attempted to meet the 300-day filing requirement through an unverified charge, sent by fax, does nothing to undermine the charge's timeliness.

Still, 7-Eleven might argue that one glaring problem appears in Redd's proposed amended complaint. She now attempts to argue that her date of termination was June 25, 2009, rather than June 7, 2009, as she previously maintained. Not only does this raise credibility issues, but it also creates a conflict with her EEOC charge, which lists June 7, 2009 as the *only* date discrimination took place. While this argument has merit, both Redd's credibility and her actual date of termination represent factual questions that the Court need not—and should not— resolve at this time. Because Redd can potentially establish that she filed her charge on March 31, 2010, and because the filing date may have come less than 300 days after the adverse employment action described in that charge, amendment of the complaint would not be futile. Redd's EEOC charge constrains the scope of this lawsuit, regardless of what she might allege in

7

have greater force if the case had proceeded to a later stage before the Court rendered its judgment. *See, e.g., Mayfield*, 674 F.3d at 379 (finding the plaintiff's proposed amendment prejudicial due to the fact that judgment was reached after significant discovery and litigation had occurred). The Court acknowledges that Redd should have produced the March 31, 2010 fax at an earlier time. But given how little had actually transpired in the case—the parties had not even exchanged initial disclosures in all likelihood—the prejudice to Redd in preventing the action from going forward would far outweigh the *de minimis* prejudice to 7-Eleven in re-opening the case.

## IV. CONCLUSION

As Redd arguably filed a charge with the EEOC less than 300 days after she was notified of her termination, the Court finds it appropriate to vacate its previous Order and allow her to file an amended complaint, based on the *Katyle* factors of prejudice, bad faith, and futility. Redd's motion to amend/alter the Court's judgment under Rule 59(e) is therefore granted.

The Court shall enter an appropriate order.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Date: January 4, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge