IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EMMA REDD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:12cv358 |
| ) | |
| 7-ELEVEN, INC. ) | |
| ) | |
| Defendant. ) | |

### FIRST AMENDED COMPLAINT

Plaintiff Emma Redd ("Redd" or "Plaintiff"), by counsel, states as follows as her First Amended Complaint against defendant 7-Eleven, Inc. f/k/a Southland Corporation ("7-Eleven," the "Company," or "Defendant").

#### NATURE OF ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") for race and age discrimination and under 42 U.S.C. § 1981 ("Section 1981") for race discrimination. In brief, 7-Eleven discriminated against Redd, who at the time was employed by the Company as a Sales Associate, based on her race (black) and her age. Specifically, 7-Eleven terminated Redd for the bogus reason that she was a "no-call no show" for three days in May 2009. In truth, she *worked* all three of those days. By contrast, 7-Eleven treated more favorably a younger white male worker who completely failed to come to work but who was not disciplined or discharged. As the EEOC determined, Redd's termination was actually based on race and age discrimination. Redd now brings this action under these three federal statutes to hold 7-Elevn liable for its acts of wrongdoing.



1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court herein by 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. The request by Plaintiff for declaratory relief is authorized by 28 U.S.C. §§ 2202.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as this is the district and division where a substantial part of the events or omissions giving rise to the claim occurred.

5. All conditions precedent to the filing of this action have been met by Plaintiff, in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has filed this action within 90 days of receiving a right-to-sue letter, dated February 9, 2012, from the EEOC.

## PARTIES

6. Plaintiff is an individual resident of Petersburg, Virginia. She is an African-American woman and she is currently sixty-eight (68) years old.

7. 7-Eleven, upon information and belief, is a corporation organized under the laws of Texas with its corporate headquarters located at 1722 Routh Street, Suite 1000, Dallas, Texas.

8. 7-Eleven employs more than 300 employees and, for purposes of this action, is and was Redd's employer within the contemplation of Title VII and the ADEA.

9. 7-Eleven is engaged in the business of selling things such as groceries and gasoline through the means of convenience stores located throughout the Commonwealth, Virginia and elsewhere. One such store is store #11056, which is located at 225 South Boulevard, Petersburg, Virginia 23805 (the "Store"). At all relevant times herein up until her wrong termination, Redd worked at the Store.

## FACTS

10. At all relevant times from April 4, 2007 to on or around June 25, 2009, Redd was employed by 7-Eleven as a Sales Associate.

11. On or about June 3, 2009, Redd requested time off on June 6, 2009 to attend the funeral of a relative. Her supervisor, David Christopher (who is a white male), however, told Redd that if she missed work on June 6, 2009, she would be terminated.

12. On June 5, 2009, Redd came to work to determine her schedule for the next five workdays. She discovered, however, that she had been removed from the upcoming work schedule (for the final weeks of the month of June). Redd was concerned at that time that she might have been terminated, but no one told her anything about her employment status at that time.

13. On June 6, 2009, Redd attended the funeral of her relative.

14. On June 7, 2009, Redd reported to work at the Store was told by one of her co-workers she had been terminated. Despite this, Redd completed her regularly scheduled shift on or about June 8, 2009, which shift had been scheduled prior to her attending the funeral. Redd also worked the next day (on or about June 9, 2009), which too was a regularly scheduled shift that had been put in place prior to Redd attending the funeral.

15. At no time on either June 8 or June 9, 2009 did Redd's supervisor ever tell her that she had been terminated. Instead, the first formal notice that Redd received from 7-Eleven telling her that she had been terminated was a letter dated on or about June 25, 2009 advising her that the Company had terminated her. 7-Eleven later confirmed the June 25, 2009 termination date to the EEOC in a letter dated June 4, 2010. A true and accurate copy of 7-Eleven's letter is attached hereto as **Exhibit A**.

16. In the meantime, however, Redd, who was unsure of her employment status, had heard nothing from her supervisor and was worried about income, applied for unemployment benefits with the Virginia Employment Commission.

17. At the time of her termination, Redd was sixty-five (65) years old.

18. 7-Eleven, through Redd's supervisor and through others, claimed that Redd was terminated because she had been a "no-call-no-show" from May 29, 2009 through May 31, 2009. This claim is false. In truth, Redd worked all three of those days and was not a "no-call-no-show" at any point in time on any of those work days.

19. By contrast to Redd's treatment, one of Redd's less senior co-workers -- who was a white male in his 40's – was a "no-call-no-show" for several weeks during the same period of time that Redd had requested time off to attend the funeral. Unlike Redd, however, Redd's younger while male co-worker was not disciplined or terminated.

20. Up until the time of her termination, Redd had never been disciplined or warned about any performance problems by 7-Eleven.

21. On or about April 8, 2010, Redd filed a timely Charge of Discrimination with the EEOC against 7-Eleven for race and age discrimination.

22. In addition, prior to filing her charge, Redd had various communications (orally and in writing) with the EEOC about when to file her charge. Most notably, on or about March 31, 2010, Redd, incorrectly believing that she only had two more days to file an EEOC charge against 7-Eleven, submitted a fax to the EEOC indicating that she wanted to file a charge against 7-Eleven and providing a brief summary of the details of the charge. A true and accurate copy of Redd's faxed letter is attached hereto as **Exhibit B**.

23. On or about July 15, 2011, the EEOC issued a Determination relating to Redd's Charge where it found, in relevant part, that "[t]he evidence reveals there is sufficient cause to believe [Redd] was discriminated against in termination in violation of Title VII of the Civil Rights Act of 1964, Section, as amended and the Age Discrimination Age of 1967, as amended." A true and accurate copy of the EEOC's Determination is attached hereto as **Exhibit C**.

### COUNT I
### RACE DISCRIMINATION UNDER TITLE VII
### (AGAINST 7-ELEVEN)

24. The allegations of paragraphs 1-23 are realleged as if fully set forth herein.

25. Defendant 7-Eleven is an employer within the meaning of § 701(b) of Title VII, 42 U.S.C. § 2000e(b).

26. Redd is a female whose race is black. Thus, she is a member of a group protected under Title VII from discrimination on the basis of her race.

27. 7-Elevan unfairly treated and discriminated against Redd on the basis of her race when, among other things, it treated her differently (and more harshly) than a white American worker with respect to the application of its "no-call-no-show" policy and ultimately terminated her as a result of such racially-based differential and discriminatory treatment and application.

28. As a result of 7-Eleven's actions, Redd has suffered damages, including back pay, front pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of future professional opportunities, and personal embarrassment and humiliation.

29. 7-Eleven's actions constitute gross, wanton, malicious, reckless, and/or intentional violations of Redd's rights under Title VII, thus entitling Redd to punitive damages.

## COUNT II
## AGE DISCRIMINATION
## (AGAINST 7-ELEVEN)

30. The allegations of paragraphs 1-29 are realleged as if fully set forth herein.

31. Defendant 7-Eleven is an employer within the meaning of the ADEA.

32. Redd is a female who was over the age of forty (40) at the time of her wrongful termination. She is therefore a member of a group protected under the ADEA based on her age.

33. 7-Eleven unfairly treated and discriminated against Redd on the basis of her age when, among other things, it treated her differently (and more harshly) than a much younger worker with respect to the application of its "no-call-no-show" policy and ultimately terminated her as a result of such age-based differential and discriminatory treatment and application.

34. As a result of 7-Eleven's actions, Redd has suffered damages, including back pay, front pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of future professional opportunities, and personal embarrassment and humiliation.

35. 7-Eleven's actions constitute gross, wanton, malicious, reckless, and/or intentional violations of Redd's rights under the ADEA, thus entitling her to liquidated damages.

## COUNT III
## RACE DISCRIMINATION UNDER SECTION 1981
## (AGAINST 7-ELEVEN)

36. The allegations of paragraphs 1-35 are realleged as if fully set forth herein.

37. Defendant 7-Eleven is an employer within the meaning of Section 1981.

38. Redd is a female whose race is black. Thus, she is a member of a racial minority that is protected under Section 1981 from discrimination on the basis of her race.

39. 7-Elevan unfairly treated and discriminated against Redd on the basis of her race when, among other things, it treated her differently (and more harshly) than a white American

worker with respect to the application of its "no-call-no-show" policy and ultimately terminated her as a result of such racially-based differential and discriminatory treatment and application. Such actions qualify for protection under Section 1981.

40. As a result of 7-Eleven's actions, Redd has suffered damages, including back pay, front pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of future professional opportunities, and personal embarrassment and humiliation.

41. 7-Eleven's actions constitute gross, wanton, malicious, reckless, and/or intentional violations of Redd's rights under Section 1981, thus entitling Redd to punitive damages.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Accept jurisdiction of this case.

B. Declare that Plaintiff has suffered acts of discrimination at the hands of the Defendant based on her race in violation of Title VII and Section 1981 and based on her age in violation of the ADEA.

C. Award Plaintiff compensation for loss of salary and other benefits, including all fringe benefits, to which she would have been entitled had she not been discriminated against in her employment. Such damages shall be in an amount in excess of $300,000.00, the exact amount to be determined at trial.

D. Award Plaintiff compensatory damages for the humiliation, damage to her reputation, mental and emotional distress, and pain and suffering that she has experienced and endured as a result of the discriminatory actions of Defendant towards her. Such damages shall be in an amount in excess of $300,000.00, the exact amount to be determined at trial.

E. Award Plaintiff front pay in an amount to be determined at trial.

F.     Grant Plaintiff punitive damages against Defendant. Such damages shall be in an amount no less than $300,000.00, the exact amount to be determined at trial.

G.     Grant Plaintiff liquidated damages against Defendant in an amount to be determined at trial.

H.     Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

I.     Grant Plaintiff her reasonable expenses, costs and attorneys' fees.

J.     Grant such other and further relief, including injunctive relief other than that requested above, as to the Court seems just and proper.

**A TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

EMMA REDD

By:    <u>s/ Richard F. Hawkins, III</u>
Virginia Bar Number: 40666
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
Email: rhawkins@thehawkinslawfirm.net

Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court (as an exhibit to a contemporaneously filed motion) using the CM/ECF systems which will send notification of such filing to the following to:

Eric A. Welter (VSB 38193)
Anne Rocktashel (VSB 73370)
WELTER LAW FIRM, P.C.
1141 Elden Street, Suite 220
Herndon, Virginia 20170

                                          s/ Richard F. Hawkins, III
                                          Virginia Bar Number: 40666
                                          THE HAWKINS LAW FIRM, PC
                                          2222 Monument Avenue
                                          Richmond, Virginia 23220
                                          (804) 308-3040 (telephone)
                                          (804) 308-3132 (facsimile)
                                          Email: rhawkins@thehawkinslawfirm.net

                                          Counsel for Plaintiff